IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC G. BANKS, SR., | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RDB-20-2445 |
| WARDEN CHRISTOPHER S. SMITH[1] and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Petitioner Eric G. Banks, Sr. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction in the Circuit Court for Anne Arundel County, Maryland for second-degree murder. ECF No. 1. On November 16, 2020, Respondents filed a Limited Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 7. Banks responded and filed a Motion for Summary Judgment, as well as a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 11, 12, 14, 15.

There is no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, Banks's Motion for Summary Judgment is denied, the Petition is dismissed, and a certificate of appealability shall not issue. Because Banks previously paid the filing fee, his Motion for Leave to Proceed in Forma Pauperis is denied as moot.

---

[1] Banks is incarcerated at the Maryland Correctional Institution in Jessup, Maryland, where the current Warden is Christopher S. Smith. Therefore, the Clerk shall amend the docket with the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that "in habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held).

**Background**

On April 4, 2014, Banks was convicted by a jury of second-degree murder and sentenced to 30 years of incarceration. *State of Maryland v. Banks*, Case No. 02-K-13-000246 (Cir. Ct. for Anne Arundel Cnty.); ECF No. 7-1 at 24.[2] On April 21, 2014, Banks filed a notice of appeal, and on April 30, 2014, he filed an application for a three-judge panel review of his sentence. ECF No. 1 at 22-23, 83-87. Following a hearing in the Circuit Court for Anne Arundel County on September 9, 2014, the three-judge panel denied Banks's request for a sentence reduction by memorandum opinion and order dated November 20, 2014. *Id.* at 123-29.

While his direct appeal and application for panel review were pending, Banks filed a motion for modification of sentence, which the circuit court denied on July 8, 2014. *Id.* at 79-82. On October 9, 2015, Banks filed a motion for drug treatment and a second motion for modification of sentence. *Id.* at 19. Both were denied on October 13, 2015 – the former without prejudice and the latter because the sentence modification had already been considered the year prior. *Id.* at 19, 147.

On direct appeal, the Court of Special Appeals of Maryland affirmed Banks's convictions by unreported opinion filed on June 30, 2016. *Banks v. State*, No. 304, Sept. Term 2014 (Md. Ct. Spec. App. June 30, 2016); ECF No. 7-1 at 88-119. Banks then filed a petition for writ of certiorari, which the Court of Appeals of Maryland denied on September 29, 2016. *Banks v. State*, 146 A.3d 465 (Table) (Md. 2016); ECF No. 7-1 at 122. It does not appear that Banks sought further review in the Supreme Court. *See* ECF No. 1 at 3-4; ECF No. 7-1 at 18.

On February 10, 2017, Banks filed a petition for post-conviction relief in state circuit court. ECF No. 7-1 at 18. On August 31, 2017, the petition was withdrawn without prejudice, before

---

[2] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

being refiled on September 18, 2017. *Id.* at 14-15. After a hearing on January 22, 2019, the post-conviction court denied the petition by memorandum opinion dated August 28, 2019, and entered on August 29, 2019. *Id.* at 7, 130-44. On October 8, 2019, Banks filed an application for leave to appeal with the Court of Special Appeals. *Id.* at 7. By order dated November 4, 2019, the circuit court directed Banks to show cause why the application for leave to appeal should not be stricken as untimely filed pursuant to Maryland Rules 8-202 and 8-203. *Id.* at 145. Banks responded; nonetheless, his application for leave to appeal was ultimately dismissed as untimely on January 9, 2020. *Id.* at 146.

On August 19, 2020, Banks filed his Petition in this Court. *See* ECF No. 1 at 50; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).[3] He claims that the State failed to prove his guilt beyond a reasonable doubt, the Pre-Sentencing Investigation report was inaccurate, the State committed prosecutorial misconduct, and the court erred several times. ECF No. 1 at 21-48. In addition, Banks claims that trial counsel was ineffective in failing to: (a) move for a new trial; (b) object to certain evidence, improper testimonies, and the prosecutor's unsupported statements; (c) have knowledge of the information necessary to challenge the charges; (d) challenge the testimony of the State's primary witness; and (e) highlight important information on cross-examination and during closing arguments. *Id.*

**Discussion**

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Banks's claims.

---

[3] It is unclear when Banks deposited his Petition in the prison's mailing system. However, because Banks certified that he mailed the Petition to the Clerk on August 19, 2020, the Court shall consider that date as the filing date.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).  Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Banks's conviction became final for direct review purposes on December 28, 2016,[4] or 90 days after the Court of Appeals of Maryland denied his petition for writ of certiorari.  *See*

---

[4] Although Banks filed two motions for modification of sentence, they had no tolling effect because the circuit court denied them on July 8, 2014 and October 13, 2015, before the judgment of conviction became final, and the limitation period had not yet begun to run.

4

Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought). He filed his petition for post-conviction relief in state circuit court 44 days later, on February 10, 2017, thus leaving 321 days in the one-year period. When Banks withdrew his petition on August 31, 2017, another 18 days elapsed before Banks refiled the petition on September 18, 2017, leaving 303 days in the one-year period. The limitations period remained tolled until August 29, 2019,[5] when the post-conviction petition was denied.

Forty days after the denial of post-conviction relief, Banks filed an application for leave to appeal, which the circuit court dismissed as untimely filed. *See* Md. Rule 8-202(a) ("the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken"). Because the application was untimely, it was not deemed "properly filed" pursuant to § 2244(d)(2) and therefore did not toll the limitations period. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006). Thus, between the date on which Banks should have, but failed, to file a timely application for leave to appeal from the denial of post-conviction relief, September 28, 2019, and the date on which he filed the Petition in this Court, August 19, 2020, another 326 days elapsed. In sum, Banks's federal habeas Petition was filed 388 days, or over a year, after his judgment became final.

In his response, Banks states that he did not receive a copy of the denial of his state post-conviction petition until September 16, 2019. ECF No. 11 at 4; ECF No. 12 at 4. Banks, however, does not provide any reasons to indicate why he waited another 22 days, or until October 8, 2019, to file his application for leave to appeal. *See id.* In any event, this Court has no jurisdiction to alter or amend the state court's ruling on the timeliness of his application for leave to appeal. As

---

[5] In an abundance of caution, the Court shall use the date the order was entered on the docket rather than the date it was signed.

noted, because that application was not properly filed, it cannot serve to statutorily toll the limitations period.

The Petition is time-barred under 28 U.S.C. § 2244(d).  To the extent Banks asserts that he is entitled to equitable tolling, he has not shown either that there was wrongful conduct by Respondents that prevented him from filing on time, or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition.  *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

As Banks has not stated a basis for equitable tolling, the Petition shall be dismissed.

### Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Because Banks fails to satisfy this standard, the Court declines to issue a certificate of appealability.  Banks may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## Conclusion

For the foregoing reasons, the Court will dismiss the Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. Banks's Motion for Summary Judgment and Motion for Leave to Proceed in Forma Pauperis shall be denied. A separate Order follows.

_9/29/2021_____                             _____/s/_____
Date                                                                    RICHARD D. BENNETT
                                                                        UNITED STATES DISTRICT JUDGE